UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD EDGIN,

      Plaintiff,                      CIVIL ACTION NO. 06-CV-11743-DT

v.                                DISTRICT JUDGE ROBERT H. CLELAND

JAY B. RISING, et. al.,           MAGISTRATE JUDGE DONALD A. SCHEER

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

This cause comes before the Court on Plaintiff's successive Motions For Appointment of Counsel dated April 11, 2006, (Docket #3) and July 19, 2006 (Docket #21). The decision to appoint counsel for an indigent litigant is within the discretion of the district court. LaBeau v. Dakota, 815 F.Supp. 1074, 1076 (W.D. Mich. 1993) (citing Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985), cert. denied, 474 U.S. 1036 (1985)). Appointment of counsel is not a constitutional right. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). This discretion rests upon a consideration of all the circumstances of the case, including the plaintiff's finances, his efforts to obtain counsel, and most importantly, whether the plaintiff's case appears to be meritorious. Henry at 760.

Except in rare circumstances, it is the practice of this Court to attempt to obtain counsel in civil rights cases filed by prison inmates, but only after a motion to dismiss or for summary judgment has been denied. Since the defendants have filed a Motion for Summary Judgment claiming that the instant action should be dismissed for failure to exhaust administrative remedies, I do not believe it necessary or appropriate to appoint counsel at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE.**

The parties to this action may object to and seek review of this Order but are required to act within ten (10) days of service of a copy hereof as provided for in Fed.R.Civ.P. 72(a) and E.D.Mich.LR 72.1(d)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. Fed.R.Civ.P. 72.  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Order. Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of any objection is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless  by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

                                            s/Donald A. Scheer  
                                            DONALD A. SCHEER  
                                            UNITED STATES MAGISTRATE JUDGE

DATED: July 20, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 20, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 20, 2006.  **Clifford Edgin.**

                                            s/Michael E. Lang  
                                            Deputy Clerk to  
                                            Magistrate Judge Donald A. Scheer  
                                            (313) 234-5217