UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD A. EDGIN,

    Plaintiff,                    CIVIL ACTION NO. 06-CV-11743-DT

vs.

                                  DISTRICT JUDGE ROBERT H. CLELAND
                                  MAGISTRATE JUDGE DONALD A. SCHEER

JAY B. RISING, et. al.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The instant prisoner civil rights Complaint seeking to prevent the state from obtaining reimbursement of the cost of Plaintiff's care during his incarceration should be DISMISSED, as a violation of the Rooker-Feldman doctrine.

\* \* \*

Plaintiff, Clifford Edgin, while a state prisoner at the Southern Michigan Correctional Facility in Jackson, Michigan[1], filed the instant prisoner civil rights suit, pursuant to 42 U.S.C. § 1983, on April 11, 2006, against the above named Defendants, who are employed by the Michigan Department of Corrections. In his Complaint, Plaintiff alleged that his federal constitutional rights were violated when the Defendants seized his General Motors (GM) pension in order reimburse the state of Michigan for the cost of his incarceration. Plaintiff asserts that his GM pension is protected from assignment or

---

[1] Plaintiff is still incarcerated at Southern Michigan Correctional Facility in Jackson, Michigan.

alienation. Claiming a violation of his federally protected due process rights, Plaintiff sought declaratory and injunctive relief as well as compensatory damages.

Defendants filed separate Motions for Summary Judgment on June 30, 2006 (Docket #19 & #20). Defendants Rising and Gardiner assert that the instant prisoner civil rights cased should be dismissed based on the Rooker-Feldman doctrine. Plaintiff filed a response on July 19, 2006, arguing to that his Complaint is not subject to summary dismissal.

Plaintiff's due process rights were not violated. The State Treasurer of Michigan obtained a state court judgment on April 5, 2004, allowing the seizure of funds from Plaintiff's prison account. The state court ruled that the money sent to Plaintiff by General Motors while he was in prison was not protected from assignment, and could be appropriated to reimburse the State of Michigan for the costs of his confinement in a state correctional facility. Plaintiff did not file an appeal with Michigan's appellate courts. Plaintiff's attempt to collaterally attack the Michigan state court judgment by filing the instant § 1983 suit is a violation of the Rooker-Feldman doctrine, which prohibits a federal district court from reviewing a state court judgment for alleged federal law errors. The Rooker-Feldman Doctrine holds that federal courts below the United States Supreme Court may not exercise appellate jurisdiction over the decisions and/or proceedings of state courts. D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In Exxon Mobil Corporation v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Supreme Court restricted the sweep of Rooker-Feldman to cases brought by state court losers complaining of injuries caused by state court judgments rendered before federal district court proceedings are commenced. That very circumstance exists

in this case, as shown by the attached copy of the April 5, 2004, final order of the Circuit Court for the 54th Judicial Circuit (Tuscola County) of Michigan granting the State the right to reimbursement from Plaintiff's General Motors Corporation pension for the cost of his continuing care while he is in prison.  The final order was issued prior to the filing of the Complaint in this case, and this Court should not readdress the issues addressed in it.

The instant prisoner civil rights Complaint seeking to prevent the state from obtaining reimbursement of a prisoner's cost of care should be dismissed as a violation of the Rooker-Feldman doctrine.  Given this recommendation, Plaintiff's Motion for a Preliminary Injunction (Docket #21) should also be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days

after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                                             s/Donald A. Scheer
                                                             DONALD A. SCHEER
                                                             UNITED STATES MAGISTRATE JUDGE

DATED: July 31, 2006

_____

## CERTIFICATE OF SERVICE

      I hereby certify on July 31, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 31, 2006. **Clifford Edgin.**

                                                             s/Michael E. Lang
                                                             Deputy Clerk to
                                                             Magistrate Judge Donald A. Scheer
                                                             (313) 234-5217