**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLIFFORD A. EDGIN,

      Plaintiff,

v.                                                Case No. 06-CV-11743-DT

JAY B. RISING, et al.,

      Defendants.

                                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Clifford A. Edgin filed a civil rights complaint with the court on April 11, 2006, seeking to prevent the state of Michigan from obtaining reimbursement for the cost of Plaintiff's care during his incarceration. On June 13, 2006 this matter was referred to United States Magistrate Judge Donald A. Scheer pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72.1 of the Local Rules for the Eastern District of Michigan. In his July 31, 2006 Report and Recommendation ("R&R"), the magistrate judge recommended the court dismiss Plaintiff's civil rights complaint as a violation of the *Rooker-Feldman*[1] doctrine. The court entered an order adopting the unopposed R&R on August 31, 2006. That same day, the clerk docketed "Letter from Clifford A. Edgin" ("Letter"), which contained Plaintiff's objections to the R&R.[2]

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] Plaintiff does not appear to be the author of the Letter. Herbert G. Collins ("Collins"), an individual who has not shown he is either an attorney licensed to practice in the Eastern District of Michigan or an individual with standing in this case, claims to write the Letter on Plaintiff's behalf. (Pl.'s Letter at 1.) However, insofar as Plaintiff has signed the Letter, the court will consider it.

Because Plaintiff's objections are untimely under 28 U.S.C. § 636(b)(1)(C), the court will construe these objections as a motion for reconsideration, and will deny it.

## I. Timeliness

Objections to a magistrate judge's report and recommendation must be filed within 10 days of service. 28 U.S.C. § 636(b)(1)(C). In his R&R, the magistrate judge clearly warned Plaintiff of this deadline, and that failure to file within 10 days "constitutes a waiver of any further right to appeal." (R&R at 3 (citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985)).) The certificate of service reflects that the R&R was mailed to Plaintiff on July 31, 2006. (*Id.* at 4.) Because Plaintiff had only 10 days to object, intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a). Furthermore, Plaintiff is given an additional 3 days to file his objections following service. Fed. R. Civ. P. 6(e).[3] Therefore, Plaintiff had until August 17, 2006 to file objections to the R&R. Plaintiff's objections were not filed, however, until August 31, 2006.

In his Letter, Plaintiff seeks to explain the reasons for his delay. According to the Letter, Plaintiff had fellow inmate Collins prepare the Letter for him because Plaintiff "does not have the slightest clue about the 'technical aspects of the law.'" (Pl.'s Letter at 1.) After Plaintiff was transferred to another facility, he sent the documents via U.S. Mail to Collins who drafted the Letter and sent it to Plaintiff to sign. (*Id.* at 2.) Because "[t]here was no way [Plaintiff] could get the R & R to [Collins]" in time, Plaintiff claims the

---

[3] Plaintiff alleges he did not even receive the R&R until "four/five days AFTER it was mailed from this Honorable Court." (Pl.'s Letter at 2 (emphasis in original).) This type of delay, however, is the very reason Rule 6(e) allows plaintiffs 3 additional days to respond when served by mail.

10-day time limit is "just plain judicially unfair, and absolutely denies Mr[.] Edgin due process and equal protection of the law." (*Id.* at 2-3.)

Courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines. In response to these concerns, the Supreme Court formulated a mailbox rule, stating that "[a] notice of appeal is 'filed' within the meaning of [28 U.S.C.] § 2107 at the moment it is delivered to prison officials for fowarding to the clerk of the district court." *Houston v. Lack*, 487 U.S. 266, 272 (1988). The Court articulated the rule's rationale as follows: "*pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Id.* The mailbox rule has since been extended to the filing of various other documents, including objections to a magistrate judge's report and recommendation. *See Armour v. Gundy*, No. 96-1311, 1997 WL 91462 (6th Cir. 1997); *see generally*, *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002).

Therefore, under the mailbox rule, Plaintiff need not have filed his objections with the court on August 17, 2006. If he had given the Letter to prison authorities to mail on that date, his objections would be considered timely. Although the court does not have before it proof of the date Plaintiff did relinquish control over the Letter, the Letter itself is dated August 25, 2006, and Plaintiff apparently signed the Letter on August 28, 2006. (Pl.'s Letter at 1 and 4.) Therefore, it appears Plaintiff gave the Letter to prison authorities at least 6 business days late. As a result, Plaintiff waived his opportunity to object to the R&R, and the court will consider Plaintiff's Letter as a motion for reconsideration to the court's August 31, 2006 order.

3

## II.  Standard

Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## III.  Discussion

In its August 31, 2006 order, the court adopted the magistrate judge's R&R and dismissed this case pursuant to the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257*.  Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002).  The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision.  *Anderson v. Charter Twp. Of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).  Plaintiff's complaint presents a textbook example of the type of

claim the *Rooker-Feldman* doctrine prevents.  Plaintiff is dissatisfied with the results of a state court action and is seeking review in this court.

Plaintiff fails to present any evidence or argument demonstrating a "palpable defect" in the court's conclusion that his claims are barred by the *Rooker-Feldman* doctrine.[4]  In the Letter, Plaintiff does not deny that he has already litigated this case in the state courts.  Instead, Plaintiff alleges that the State of Michigan initiated the state court action and the reason Plaintiff filed his § 1983 action in this court was that he "was denied his right to file an appeal in [the state court] case, and [Plaintiff] had no other remedy available." (Pl.'s Letter at 1.)  A review of Count II the Complaint sheds light on Plaintiff's alleged denial of his right to appeal the state court decision.  First, Plaintiff alleges that "[t]he confiscation of ALL of Plaintiff Edgin's available assets (pension checks) . . . prevented Plaintiff from sustaining solvency sufficient to obtain trained, legal counsel to assist him in . . . prepar[ing] the necessary, proper, legal documents to file a "Claim of Appeal." (Pl.'s Compl. at 15 (emphasis in original).)  Secondly, Plaintiff cites "[t]he failure of the Trial Court, or Defendant [Assistant Attorney General] Gardiner, . . . to advise [Plaintiff] . . . that he had an appeal of right available, as well as the applicable constraints if he so choose [sic] to appeal." (*Id.*)  Finally, Plaintiff blames "[t]he failure of the [State of Michigan], through Defendant Director [Michigan Department of Corrections], to provide Plaintiff Edgin with adequate, effective and meaningful legal assistance to prepare a proper/effective/adequate and meaningful Claim of Appeal . . ."

---

[4] Plaintiff argues the *Rooker-Feldman* doctrine does not apply because Plaintiff did not initiate the state court action. (*See* Pl.'s Letter at 1.)  Plaintiff's objection is frivolous; this court's ability to review a state court decision does not depend on whether the dissatisfied party chose the state court forum.

5

(*Id.* at 15-16.)  To the extent these allegations raise valid due process claims, the *Rooker-Feldman* doctrine requires Plaintiff to raise these claims in state court.

Plaintiff also brings to the court's attention a Sixth Circuit case Plaintiff argues is applicable to the court's decision.  (Pl.'s Letter at 3.)  This case held that requiring a pension plan to update a prisoner's address and send his benefits to an account that is subject to confiscation is a violation of ERISA's anti-alienation provision. *DaimlerChrysler Co. v. Cox*, 447 F.3d 967, 975-76 (6th Cir. 2006).[5]  However, unlike the instant case, *DamilerChrysler* involved an original action in federal court seeking declaratory relief to void state court orders and notices.  *Id.* at 968.  Because Plaintiff seeks to contest the state circuit court's ruling, he is required to do so by appealing through the Michigan court system.  Only then can Plaintiff seek relief from the United States Supreme Court, the only federal court that has jurisdiction to review the state court decision at issue in this case.  *See* 28 U.S.C. § 1257.  This court simply lacks subject-matter jurisdiction over Plaintiff's case.[6]  Plaintiff's motion for reconsideration will therefore be denied.

---

[5] In so holding, *DaimlerChrysler* disagreed with the Michigan Supreme Court. *See State Treasurer v. Abbott*, 660 N.W.2d 714 (2003).

[6] The court notes that even if Plaintiff had timely filed his objections to the R&R, subjecting said objections to a more lenient standard, Plaintiff's claims would still be subject to dismissal under the *Rooker-Feldman* doctrine.

## IV.  Conclusion

IT IS ORDERED that Plaintiff's August 31, 2006 Letter [Dkt. # 26], which the court interprets as a motion for reconsideration, is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2006, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522